### John Veal v. The State.

### No. 3974. Decided May 12, 1909.

**1.—Aiding Escape of Prisoner—Charge of Court—Accomplice.**

An escaped prisoner, even if he used the tools in effecting the escape of himself and companions, was not an accomplice in conveying such tools into the jail, and no charge on accomplice testimony is required.

**2.—Same—Charge of Court—Intent to Escape.**

Where upon trial for aiding the escape of a prisoner charged with felony the evidence showed that the defendant had no intention of effecting his own escape, but that he conveyed into the cell of the jail where the prisoner was

confined an instrument or tool to aid the latter to escape, defendant is guilty under the law, and no charge was required as to his own intent to escape.

Appeal from the District Court of Lampasas. Tried below before the Hon. John M. Furman.

Appeal from a conviction of unlawfully aiding the escape of a prisoner charged with felony; penalty, two years confinement in the penitentiary.

The opinion states the case.

*R. L. H. Williams* and *W. H. Browning,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Lampasas County on a charge of aiding in the escape of a prisoner charged with a felony. The trial resulted in a verdict of conviction, and his punishment was assessed at confinement in the penitentiary for a term of two years.

The evidence shows that one Jim Nixon was confined in the jail of Lampasas County on a charge and under a conviction of murder in the second degree. That appellant and one George Dewy were also confined in the jail for some petty offenses. They were permitted to be and remain in what is called the "run-around," while Nixon and other prisoners under more serious charges were confined in the cells of said jail. Appellant and Dewy conveyed and passed into the cell where Nixon was confined an iron bolt or pin, which was used by Nixon and the other prisoners in effecting their escape. On the trial the State used as witnesses, among others, persons who were confined in the jail at the time of this escape, who, with others, made out, if their testimony is to be believed, a clear case against appellant.

1. It was contended below, and is now urged, that the court should have charged the jury that the fellow prisoners who escaped with Nixon were accomplices in the commission of the crime, and that the court should have so instructed the jury, and should have further instructed them that a conviction could not be sustained upon their uncorroborated testimony. This is not the law in this State. In the case of Peeler v. State, 3 Texas Crim. App., 533, this court held adversely to appellant's contention. It was there held that an escaped prisoner, even if he used the tools in effecting the escape of himself and companions, was not an accomplice, or *particeps criminis,* in conveying such tools into the jail, and his testimony, therefore, though uncorroborated, is not subject to the statutory disparagement of an accomplice's testimony.

2. It is urged that the court erred in not giving in his charge the following special instructions requested by counsel for appellant:

"Gentlemen of the jury: In this case you are charged that, if you believe from the evidence that Jim Nixon was confined with others in the county jail of Lampasas County, and that said Jim Nixon was charged with murder, and that the defendant, John Veal, was also confined in the 'run-around' in said jail, and if you further believe beyond a reasonable doubt that the defendant, John Veal, did assist the said Jim Nixon to escape from the said jail, as charged in the indictment, yet if you further believe that, at the time the defendant so assisted the said Nixon, he, the defendant, did so at the time intending to escape from said jail himself, but afterwards abandoned, for any reason, the intent to escape, or if you have a reasonable doubt thereof, then, if you further believe that the defendant was lawfully confined in said jail upon a charge of misdemeanor, then you should acquit the defendant." We think it is doubtless true that appellant himself, being in jail, had the right to escape in the sense that his escape was not a violation of law, and it would follow that if he had himself the right to escape, and such escape would not be an offense, that if, as a result of effecting this, the other prisoners confined in the jail had also escaped, he would not be amenable. If this should be conceded to be true, however, it could not, under the evidence, aid appellant. The proof shows that he did not seek to escape, and in fact did not escape. The whole process and undertaking in aid of the escape had been going on for a week or more. During any portion of this time appellant could have escaped. There is not a hint or suggestion in the evidence that at any time he ever entertained the idea of escape, or that he wanted to escape. He was not confined with the said Nixon, and could have gotten out by himself and yet left said Nixon secure. On the other hand, Nixon could not have escaped without the assistance of appellant, and he brings himself clearly within the inhibition pointed out by the statute, in that he did, with his companion, convey into the cell where said Nixon was confined an instrument to aid the said Nixon to escape, and his guilt is not less evident, under the law, under the facts as are here disclosed, than if he had not been confined in jail at all.

Finding no error, the judgment of conviction is affirmed.

*Affirmed.*